State v. Burgess

Upon completion of the presentation of the evidence, the jury returned verdicts of guilty as to all four defendants; and from judgments imposed thereon, the defendants appealed.

*Attorney General Robert Morgan by Assistant Attorney General William F. Briley for the State.*

*Paul, Keenan & Rowan by Jerry Paul for defendant appellants.*

---

STATE OF NORTH CAROLINA v. GEORGE THOMAS BURGESS

No. 7410SC298

(Filed 5 June 1974)

APPEAL by defendant from *Winner, Special Judge,* 7 November 1973 Session, Superior Court, WAKE County. Heard in the Court of Appeals 19 April 1974.

Defendant was charged with felonious breaking and entering. At trial, he was represented by counsel appointed by the court, entered a plea of "not guilty," was convicted by the jury, and appealed from judgment entered on the verdict.

*Attorney General Morgan, by Assistant Attorney General Chalmers, for the State.*

*J. Larkin Pahl for defendant appellant.*

---

State v. Huffman

---

MORRIS, Judge.

The evidence for the State tended to show that at about 11:45 p.m., 31 August 1973, the glass partition on the door of the southeast side of the Central Motor Pool at 135 Morgan Street, in Raleigh, was found to have been broken and the door unlocked. All interior lights had been turned on. As the officers entered the building, defendant came out of the offices' holding in his arms two cases of Auto-Lite spark plugs and one case of Eveready flashlights. Defendant was arrested for breaking and entering and advised of his rights. A search of defendant revealed that he had on his person, among other things, two sets of keys belonging to two North Carolina State cars. In the trunk of one of these cars, the lid to which was up, officers found one case of Hercules flashlight batteries and three cases of Auto-Lite spark plugs.

The defendant elected not to testify nor put on any evidence, thus giving his counsel the closing jury argument. His motion for nonsuit was denied. His counsel conducted a vigorous cross-examination of all State's witnesses. Defendant was adequately represented. The judge's charge was without prejudicial error.

It appears completely obvious from the record that defendant had a fair and impartial trial, represented by competent counsel, on a valid charge. No prejudicial error appears.

Judges CAMPBELL and VAUGHN concur.